Johnson *v.* Garrett.

GEORGE R. JOHNSON and WILLIAM M. BODINE *vs.* CHARLES S. GARRETT and others.

1. A sale by auditors in attachment of several tracts of land, that might conveniently and reasonably have been sold separately, and where a sale of part would have been sufficient to satisfy the debts of the plaintiff and the applying creditors, is a clear breach of trust, and will be set aside as void.

2. A *bona fide* purchaser of land, subject to the lien of an attachment, is entitled to relief against an illegal or inequitable sale by the auditors.

3. Where a judicial sale is set aside on the ground of gross negligence or abuse of trust, the officer making such sale, as well as the purchaser acting in collusion with him, will be condemned in costs. But where there is no charge of actual fraud or collusion, neither the officer nor purchaser will be condemned in costs.

On final hearing.

*Hugg,* for complainant *ex parte.*

THE CHANCELLOR. The bill is filed to set aside a sale of real estate made by auditors in attachment. The writ under which the land was seized and sold, was issued at the suit of Charles S. Garrett against Joseph O. Johnson, under whom the complainants subsequently acquired title. The land consists of four lots on Market street, in the city of Camden, each twenty feet front by one hundred and eight feet deep, making one plot of eighty by one hundred and eight feet. Each lot was worth $1000. They could conveniently and reasonably have been sold separately. The whole amount of the judgment for which they were sold was less than three hundred dollars. The four lots were offered in one entire parcel, and were struck off to Garrett, the plaintiff in attachment, for $1015, more than double the amount of the judgment. Even at this price, two of the lots would have brought more than sufficient to pay the judgment. There is no reasonable room for doubt that any one of the lots might have

Johnson v. Garrett.

been sold for more than enough to satisfy all the claims under the attachment.

The sale, as made, was clearly a breach of trust and a violation of duty on the part of the auditors. They were authorized by the statute to sell only so much of the land as was necessary to satisfy the debts of the plaintiff and of the applying creditors, in whose favor judgment was rendered. *Nix. Dig.* 41, § 35.

In *Stead's Executors* v. *Course*, 4 *Cranch* 403, the sale was made by a collector of taxes under a statute of the state of Georgia, conferring powers of sale upon the collector, substantially the same in respect to the real estate as those conferred upon the auditors under the attachment act of this state. It authorized the collector, in case of a default in the payment of taxes, to proceed against the defaulter by distress and sale of his goods and chattels, if any be found, otherwise on *the land of such defaulter or so much thereof as will pay the amount of taxes, with costs.* Chief Justice Marshall, in delivering the opinion of the court setting aside the sale, said : " If a whole tract of land was sold, when a small part of it would have been sufficient for the taxes, the collector unquestionably exceeded his authority."

In *Tiernan* v. *Wilson*, 6 *Johns. Ch. R.* 414, Chancellor Kent said : " The proposition is not to be disputed, that a sheriff ought not to sell at one time, more of the defendant's property than a sound judgment would dictate to be sufficient to satisfy the demand, provided the part selected can be conveniently and reasonably detached from the residue of the property and sold separately. The justice of this rule is self-evident." And after citing with approbation the case of *Stead's Executors* v. *Course,* already referred to, and adverting to the fact that the sale in that case was made under the express provisions of a statute, the chancellor adds : " The rule must be the same without any positive law for the purpose. It rests on principles of obvious policy and universal justice."

The same principle is sanctioned in *Woods* v. *Monell*, 1 *Johns. Ch. R.* 506, and in the cases there cited.

Doubtless a discretion is vested by law in the officer charged with the sale of real estate, either by authority of a statute or under the direction of a judicial tribunal, touching the quantity of land necessary to be sold, and whether the sale shall be in bulk or in parcels. And where this discretion has been exercised by the officer, courts are reluctant to interfere with his action, except in a clear case of excess of authority, or prejudice to the rights of the parties interested. The objection lies not against the exercise, but the abuse of the discretion.

The complainants appear to me to stand upon high ground and to have strong claims to equitable relief. They are the real owners of the land. They purchased and paid for it in good faith, believing it to be unencumbered, and having no knowledge or suspicion of the existence of the attachment. The defendant in attachment had no interest in the land, and, so far as appears, no substantial motive to protect the interests of his alienees. The complainants are stripped of their title by virtue of legal proceedings against a third party, without any wilful default or neglect upon their part. They had no knowledge of the existence of the claim against the property, and consequently no opportunity of satisfying it. They had no notice of the proceedings to effect a sale, and no opportunity of protecting their rights. In cases of ordinary sales under judicial process, some one is usually present, either on behalf of the plaintiff or the defendant, interested in seeing that the property is sold fairly and for something like its market price. But under sales by auditors in attachment, where the claim is small and the property levied upon is valuable, there is no such protection. The sale is often made, as was the fact in the case now under consideration, where no one is present or has an opportunity of being present, who is interested in enhancing the value of the property or protecting the rights of the real owners. Under such circumstances it is peculiarly important that all excess of authority and all

abuse of discretion on the part of the auditors should be sedulously guarded against.

There is no defence to the charges of the bill. No answer has been filed, either by the auditors or by the purchaser. The bill is taken as confessed. All the material facts are clearly established in evidence. I entertain no doubt as to the right or the duty of the court to interfere for the protection of the complainants.

In *Tiernan* v. *Wilson*, 6 *Johns. Ch. R.* 411, where a sale was made under circumstances not dissimilar in several of its features from the sale now in question, the court set aside the sale and ordered the purchaser who had received his deed, to deliver it up to be cancelled, although he was a stranger to the proceeding, and as against him there was no charge of fraud. The sheriff also, on the ground of gross negligence and abuse of trust on his part, was condemned in the costs occasioned by his defending the suit, although there was no charge of actual corruption against him.

There is no charge in the bill, or intimation in the evidence, of any collusion between the auditors and the plaintiff in attachment who became the purchaser at the sale; and although the conduct of the purchaser since the sale, in refusing, upon a tender of full satisfaction, to release a claim most inequitable as against the complainants, appears to have been unreasonable and oppressive, I find no ground upon which either of the defendants can be condemned in costs.

I shall accordingly decree that the sale be set aside as void, but without costs, with liberty to the complainants, in case the plaintiff or other creditors in attachment, upon being paid or tendered the amount due, refuse to acknowledge satisfaction of their claims, to apply to this court for a perpetual injunction or such other relief as they may be advised.